Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000394
28-FEB-2019
07:59 AM

NO. CAAP-18-0000394

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
DARIUS FULLER, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
(WAIANAE DIVISION)
(CASE NO. 1DTC-17-000094)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Leonard and Reifurth, JJ.)

Defendant-Appellant Darius Fuller (**Fuller**) appeals from the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on May 4, 2018 (**Judgment**), by the District Court of the First Circuit, Waianae Division (**District Court**).[1]  Fuller was convicted of violating Hawaii Revised Statutes (**HRS**) § 431:10C-

---

[1]    The Honorable James McWhinnie presided.

104 (2005),[2] Conditions of Operation and Registration of Motor Vehicles.

Fuller raises five points of error, arguing: (1) there was insufficient evidence to support his conviction under HRS § 431:10C-104(b); (2) the District Court failed to provide Fuller with his "prior to trial" advisement of his right to either testify or not testify; (3) the District Court failed to engage in a true Tachibana colloquy; (4) the District Court erred in denying his motion to dismiss for lack of jurisdiction; and (5) the District Court erred in denying his motion to dismiss for improper venue.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Fuller's claims of error as follows:

(1) Fuller argues that the District Court erred in convicting him of violating HRS § 431:10C-104(b), because there was insufficient evidence to establish the necessary element that

---

[2]     HRS § 431:10C-104 states, in relevant part:

§431:10C-104  Conditions of operation and registration of motor vehicles. (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.

(b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

he was the owner of the motor vehicle that did not have an appropriate motor vehicle insurance policy.

HRS § 431:10C-104 contains two subsections under which a person may be charged:

> (a) Except as provided in section 431:10C-105, no person shall operate or use a motor vehicle upon any public street, road, or highway of this State at any time unless such motor vehicle is insured at all times under a motor vehicle insurance policy.
>
> (b) Every owner of a motor vehicle used or operated at any time upon any public street, road, or highway of this State shall obtain a motor vehicle insurance policy upon such vehicle which provides the coverage required by this article and shall maintain the motor vehicle insurance policy at all times for the entire motor vehicle registration period.

HRS § 431:10C-104.

Plaintiff-Appellee State of Hawai'i (**State**) admits that at the time Honolulu Police Department Sergeant Kelly Pahio issued Fuller a citation under HRS § 431:10C-104, she did not indicate under which subsection Fuller was being cited. Fuller was orally charged at the start of trial as follows:

> On or about May 7, 2017, in the City and County of Honolulu, State of Hawaii, Darius Fuller, <u>as the owner of a motor vehicle</u>, intentionally, knowingly or recklessly used or operated at any time upon a public street, road, or highway, in the State of Hawaii, did fail to obtain a motor vehicle insurance policy upon such vehicle which provided the coverage required by the Hawaii motor vehicle insurance law and/or did fail to maintain motor vehicle insurance policy at all times for the entire motor vehicle registration period, thereby committing the offense of Driving Without Motor Vehicle Insurance, in violation of section 403:10C-104 of the Hawaii Revised Statutes.

(Emphasis added).

The State concedes that the language above is used to charge a violation of HRS § 431:10C-104(b), which requires, *inter alia*, that the State prove that the person charged is the owner of the motor vehicle. The State does not argue that it intended to charge Fuller with a violation of HRS § 431:10C-104(a) or that

3

the oral charge could have been sufficient to support a conviction under subsection (a).

In order to conclude that there is sufficient evidence to support a conviction, there must be substantial evidence as to "every material element of the offense charged." See State v. Kalaola, 124 Hawai'i 43, 49, 237 P.3d 1109, 1115 (2010). The State acknowledges that it failed to adduce any evidence that Fuller was, in fact, the owner of the motor vehicle in which he was cited and for which he was convicted of failing to obtain a motor vehicle insurance policy. This court's review of the record confirms that no such evidence was adduced. To the contrary, evidence admitted at trial pertaining to the owner of the vehicle identified a person other than Fuller as the registered owner of the vehicle. Therefore, we conclude that there is not substantial evidence in the record to support Fuller's conviction for violating HRS § 431:10C-104(b).

Therefore, the District Court's May 4, 2018 Judgment is reversed.

DATED: Honolulu, Hawai'i, February 28, 2019.

On the briefs:

Walter J. Rodby,
for Defendant-Appellant.

Loren J. Thomas,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Chief Judge

Associate Judge

Associate Judge